IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 07-cv-01876-ZLW-BNB

GERALDINE SWIMMER f/k/a Geraldine Mossman, individually, and as next friend of
SEAN SWIMMER f/k/a Sean Mossman, a minor,

    Plaintiffs,

v.

THE UNITED STATES OF AMERICA, and
PORTERCARE ADVENTIST HEALTH SYSTEM, INC.,

    Defendants.

_____

**ORDER**
_____

An Order To Show Cause (Doc. No. 2) was issued on September 18, 2007, requiring Plaintiffs to explain why this action should not be dismissed for lack of subject matter jurisdiction. Specifically, this Court was concerned whether Plaintiffs' claims alleging negligent medical care provided by employees of a Federally Qualified Health Center (FQHC)[1] demanded additional or altered pleading requirements from a typical Federal Tort Claims Act (FTCA) case,[2] and whether failure to follow these procedural requirements resulted in this Court lacking jurisdiction to hear this case.

---

[1] See 42 U.S.C. § 233.

[2] In a "typical" FTCA case, the alleged tortfeasor is normally an employee of a federal agency. In the present case, the tortfeasor is a private practitioner contracted to a private health care provider who contracts with the government. It seems plausible to this Court that additional requirements are needed in the latter case when it is not obvious from viewing a complaint that the tortfeasor is a government employee for purposes of the FTCA.

In response to the Show Cause Order, Plaintiffs have provided a certification by the United States Attorney that the FQHC's employees were acting in the scope of their employment,[3] a necessary prerequisite before suit can be brought against the United States.[4] Additionally, the United States Attorney has indicated there is no objection to the case continuing in this Court.[5]

After reviewing Plaintiffs' additional materials, the Court is satisfied that it possesses subject matter jurisdiction over the claims in this case. Therefore, it is

ORDERED that the Order To Show Cause (Doc. No. 2; Sep. 18, 2007) is discharged. It is

FURTHER ORDERED that the timeframe for completing service under Fed. R. Civ. P. 4(m) shall be calculated from the date of this order.

DATED at Denver, Colorado, this ___16___ day of November, 2007.

BY THE COURT:

_Zita L. Weinshienk_
ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[3] Doc. No. 3-4.

[4] 42 U.S.C. § 233(c). When jurisdiction is based solely on subject matter jurisdiction this Court requires at least some indication in the pleadings that the necessary statutory procedural steps have been complied with. See McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936) (plaintiffs have burden of establishing this Court's subject matter jurisdiction over their claims). Although this burden may easily be established by filing of a formal written certification, that is not necessarily a requirement. However, in the present case, there was not even a mention in the pleadings that the United States Attorney had certified this action.

[5] Plaintiffs' Response To Order To Show Cause (Doc. No. 3).